UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONYA ALEXANDER,

    *Plaintiff,*

v.                                                                         CASE NO. 13-cv-12434

COMMISSIONER OF                                      DISTRICT JUDGE STEPHEN J. MURPHY
SOCIAL SECURITY,                                         MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

**I.     RECOMMENDATION**

This Court **RECOMMENDS** that Plaintiff's Motion for Summary Judgment (Docket 8.) be **DENIED**, that Defendant's Motion for Summary Judgment (Doc. 12.) be **GRANTED**, and the decision of the Commissioner be **AFFIRMED**.

**II.    REPORT**

    **A.     Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits (DIB), and supplemental security income benefits (SSI). The matter is

---

[1] The format and style of this Report and Recommendation comply with the requirements of Fed. R. Civ. P. 5.2(c)(2)(B). This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

currently before this Court on cross-motions for summary judgment.[2] (Docs. 8, 12.)

Plaintiff filed an application for a period of disability and DIB with a protective filing date of August 12, 2010, alleging that she became unable to work on March 31, 2009. (Transcript, Doc. 6-2 at 38.) Plaintiff filed an application for SSI on September 2, 2010. (Tr. at 38.) These claims were denied at the initial administrative stages. (Tr. at 38, 125-132.)

On November 21, 2011, Plaintiff appeared before Administrative Law Judge ("ALJ") Kevin W. Fallis, who considered the application for benefits *de novo*. (Tr. at 38.) In a decision dated January 25, 2012, the ALJ found that Plaintiff was not under a disability within the meaning of the Social Security Act at any time from March 31, 2009, through the date of the ALJ's decision. (Tr. at 48.) Plaintiff requested Appeals Council review of this decision. (Tr. at 32-34.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on April 3, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. at 27-29.) On June 3, 2013, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Doc. 1.)

**B.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the

---

[2]The Court has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the

Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)(en banc)(citations omitted)).

"Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006)("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party")(citations omitted); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

### C. Governing Law

Disability for purposes of DIB and SSI is defined as the:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a) (DIB), 416.905(a) (SSI). Plaintiff's Social Security disability determination is to be made through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

>Step Two: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
>Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
>Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
>Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007).

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his] impairments and the fact that [he] is precluded from performing [his] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)(cited with approval in *Cruse,* 502 F.3d 532, 540 (6th Cir. 2007)); *see also Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994)("[c]laimant bears the burden of proving his entitlement to benefits."). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640,

5

643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), (g).

    **D.**    **ALJ Findings**

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff met the insured status requirements through December 31, 2015, and had not engaged in substantial gainful activity since March 31, 2009. (Tr. at 40.) At step two, the ALJ found that Plaintiff's right foot tendonitis, mild ischemic cardiomyopathy, tachycardia, and degenerative disc disease of the lumbar spine were "severe" within the meaning of the second sequential step. (Tr. at 40.) At step three, the ALJ found no evidence that Plainiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 45-46.) The ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a); except never operate foot controls with left (sic) lower extremity; never climb ladders, ropes or scaffolds; occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching and crawling; avoid all exposure to excessive vibration; use of moving machinery and all exposure to unprotected heights. (Tr. at 46.)

At step four, the ALJ found that Plaintiff could perform her past relevant work as a payroll clerk, which does not require performance of work-related activities precluded by

the claimant's residual functional capacity, and therefore she was not suffering from a disability under the Social Security Act. (Tr. at 46-47.)

### E. Administrative Record

Plaintiff testified that she cannot work due to her "inappropriate sinus tachycardia." (Tr. at 69.) She describes that when her "heart goes out of rhythm," it makes her "very, very short of breath" and very fatigued. (Tr. at 69.) She also described right foot pain due to tendonitis, which prevents her from standing longer than 30 minutes. (Tr. 71.) Plaintiff testified to experiencing swelling in her hands so that "I can't hardly bend them...and they throb and hurt." (Tr. at 72.)

Plaintiff has a driver's license and testified that she drives three to five miles, twice per week. (Tr. at 62.) Plaintiff is able to do laundry and wash dishes, and attends church most Sundays and Wednesdays. (Tr. at 76, 80-81.) She occasionally attends after-school programs for her nieces, socializes with friends and dines out. (Tr. at 79-81.) She watches television, uses her computer for up to 30 minutes at a time and reads for pleasure. (Tr. at 75, 82.)

At the hearing, the vocational expert ("VE") testified that Plaintiff's past relevant work as a payroll clerk is sedentary and semi-skilled per the Dictionary of Occupational Titles (DOT). (Tr. at 88.)[3] The ALJ asked the VE to consider an individual of the Plaintiff's

---

[3]The VE also testified that Plaintiff had performed work in the last 15 years as a: spray painter, which is medium and unskilled, a party store manager, which is light and skilled, a cashier, which is light and unskilled, and packager, which is heavy and unskilled.

age, education and past work experience with the following limitations:

> [A]ble to perform work at the sedentary level, which is lift up to 10 pounds occasionally, stand walk [sic] for about two hours and sit for up to six hours in and eight hour work day with normal breaks.  This individual could never operate foot controls with the right lower extremity.  This individual could never climb ladders, ropes, or scaffolds.  They could occasionally climb ramps or stairs, occasionally balance, stoop, kneel, crouch, and crawl.  They would have to avoid all exposure to excessive vibration. Avoid all use of moving machinery.  And avoid all exposure to unprotected heights.  (Tr. at 89.)

The VE testified that such an individual could perform Plaintiff's past work as a payroll clerk, as actually or generally performed. (Tr. at 90.)

> The ALJ asked the VE to consider an additional hypothetical question:

> For whatever reason, this individual would be off task for 20 per cent of the day, in addition to the regularly scheduled breaks.  Any jobs available in the national or regional economy for that individual . . . . (Tr. at 90.)

The VE testified that work would be precluded for such an individual. (Tr. at 90.)

> Finally, the ALJ asked the VE to consider, in addition to the prior two hypothetical

questions:

> Do[sic] this individual's doctors visits and symptoms, they would be absent from work for two work days per month.  Any jobs available in the national or regional economy for this individual? (Tr. at 90)

The VE testified that work would be precluded for such an individual if the hypothetical condition persisted. (Tr. at 90.)   The VE confirmed that her testimony was consistent with the DOT, or, for topics not covered by the DOT, was based on her knowledge and experience. (Tr. at 87, 90.)

### F. Analysis

Plaintiff contends that the Commissioner's findings are not supported by substantial evidence. (Doc. 8.) Plaintiff argues that the Commissioner erred in assessing credibility, failing to properly evaluate medical records of evidence and forming an inaccurate hypothetical question to the VE that did not portray Plaintiff's impairments. (Doc. 8 at 505.) Defendant argues that Plaintiff has inadequately presented his arguments by providing only "boilerplate language that is not connected to the facts" and has, therefore, waived his arguments. (Doc. 12 at 536-537.)

#### 1. Waiver

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (citations omitted); *see also Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D.Mich. 2010)("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.")(citations omitted).

Plaintiff's brief predominately contains recitations of law with no discernable connection to the few details Plaintiff provided from the record evidence. (Doc. 8 at 505-507.) Plaintiff cannot require this Court to make her arguments for her. The Court need not consider such underdeveloped claims. *See Deguise v. Comm'r of Soc. Sec.*, 2013 WL

1189967 at *7 (E.D.Mich. 2013) ("Plaintiff's arguments regarding the assessment of his credibility and any inconsistency or error in the VE's testimony regarding the DOT are so woefully underdeveloped that they need not be considered any further."); *Jackson v. Comm'r of Soc. Sec.*, 2013 WL 1148417 at *7 (E.D.Mich. 2013)( "[P]laintiff's argument is wholly insufficient and undeveloped. Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence . . . ."); *see also Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865 at *1 n.1 (Order adopting Magistrate's Report and Recommendation and pointing out Plaintiff's counsel's reliance on "conclusory assertions and absence of developed argument"). Plaintiff's arguments fit these descriptions and Defendant is correct that the Court need not consider them further.

### 2. Substantial Evidence

Even though Defendant may be correct, I have considered the record, the pleadings and the ALJ's decision, as I am required to, and I agree with the Commissioner that the ALJ's decision is supported by substantial evidence and that the ALJ properly explained his findings. As mentioned above, if the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports a different conclusion. *McClanahan v. Comm'r of Soc. Sec.,* 474 F.3d 830, 833 (6th Cir. 2006); *Mullen,* 800 F.2d at 545.

### a. Credibility

Plaintiff argues that the ALJ did not properly evaluate her credibility. Contrary to Plaintiff's argument, however, the ALJ gave very specific reasons for discounting Plaintiff's testimony about the intensity, persistence and limiting effects of her symptoms. As required by the Regulations, the ALJ fully explained his credibility determination with respect to Plaintiff's symptoms. 20 C.F.R. §§ 404.1529, 416.929; *see also* SSR 96-4p and 96-7p. "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witnesses's demeanor and credibility." *Walters,* 127 F.3d at 531.

Credibility assessments are not insulated from judicial review. Despite deference due, such a determination must nevertheless be supported by substantial evidence and contain specific reasons for the weight the adjudicator assigned to the individual's statements. *See id.*; SSR 96-7p. To the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). In addition to objective medical evidence, the ALJ must consider all the evidence of record in making his credibility determination. *See* 20 C.F.R. §§ 404.1529(c)(2), (3), 416.929(c)(2), (3); *see also Felisky*, 35

F.3d at 1039-41.

The ALJ considered the evidence of record and multiple factors when determining the credibility of Plaintiff's statements about the limiting effects of her symptoms. The ALJ considered the objective medical evidence, including Holter monitor testing showing normal sinus rhythm with episodes of tachycardia in July 2011, notes from her cardiologist from October 8, 2010 indicating, no palpitations and improvement on medication, an extensive pulmonary functioning test on February 11, 2011 showing normal lung function and weight loss of 40lbs from diet and walking one mile per day noted, along with normal sinus rhythm and regular heart rate, in August 2011.

Other objective medical evidence similarly noted only mild conditions, including Plaintiff's lower back condition and right foot tendinitis. (Tr. at 47.)  A March 2010 MRI revealed no significant edema or inflammation (Tr. at 47, 370).  X-rays of the lumbar spine performed on September 21, 2011, showed mild degenerative disc disease.  (Tr. at 47, 489). As noted by the ALJ, no treatment notes in evidence of record show that Plaintiff requires regular treatment for those conditions. (Tr. at 47).

The ALJ properly considered Plaintiff's activities of daily living, pointing out that the Plaintiff was able to drive, (Tr. at 68), do laundry and wash dishes, attend church most Sundays and Wednesdays, (Tr. at 76, 80-81), occasionally attend after-school programs for her nieces, socialize and dine out with friends, (Tr. at 79-81) as well as, watch television, use her computer for up to 30 minutes at a time and read for pleasure.  (Tr. at 75, 82.)  The

ALJ's credibility determination is supported by substantial evidence in the record and the ALJ explained his credibility findings.

### b. Vocational Expert Hypothetical

Plaintiff argues that the ALJ's hypothetical posed to the Vocational Expert (VE) was insufficient and therefore should not constitute substantial evidence. Specifically, Plaintiff argues that the hypothetical did not accurately portray Plaintiff because it did not include limitations for impairments, specifically Plaintiff's heart palpitations, which were supported by the medical record in evidence. (Doc. 8 at 511.)

In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

In this instance and as discussed fully above, the ALJ's references to both the documents of record and the hearing testimony reveal that all of Plaintiff's limitations which the ALJ found credible were considered in formulating the RFC and the hypothetical question to the VE.

The ALJ's RFC limits Plaintiff to sedentary work as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a); except never operate foot controls with left (sic) lower extremity; never climb ladders, ropes or scaffolds; occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching and crawling; avoid all exposure to excessive vibration; use of moving machinery and all exposure to unprotected heights. (Tr. at 46.)

These limitations are consistent with Plaintiff's activities of daily living, as well as the objective medical evidence in record. Accordingly, the ALJ's RFC is supported by substantial evidence in the record. The ALJ properly relied on the VE's testimony in response to the hypothetical question to find that Plaintiff can perform her past relevant work. The ALJ's finding at step four is supported by substantial evidence in the record.

### c. Medical Opinion

Plaintiff obliquely argues that ALJ's disability determination was not supported by substantial evidence because he ignored or discredited the opinion of a treating medical provider. (Doc. 8 at 512-514). Notwithstanding Plaintiff's recitation of the law regarding the deference to be afforded to the medical opinion of the Plaintiff's treating physician, she advances no specific argument as to how the ALJ's determination conflicted with an opinion from a medical source, and, in fact, does not identify an opinion from any of Plaintiff's treating physicians that the ALJ either ignored or discredited.

Although, as discussed in depth above, this court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments, *see*

14

*Crocker, supra*, a review of the record by the undersigned reveals no medical opinion from any of Plaintiff's treating physicians for the ALJ to have considered.

> Medical opinions are statements from physicians and psychologists or other 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions.

SSR 06-3p, 2006 WL 2329939, at *2 (2006). The medical records in evidence do not contain a physician's judgment on how the nature and severity of her impairments restrict or impact her capabilities, but instead contain only recitations of Plaintiff's reported symptoms and subjective complaints.

> [A] [d]octor's notation in his notes of a claimed symptom or subjective complaint from the patient is not medical evidence; it is the opposite of objective medical evidence. [Thus,] [a]n ALJ is not required to accept the statement as true or to accept as true a physician's opinion based on those assertions.

*Masters v. Astrue*, 818 F. Supp. 2d 1054, 1067 (N.D. Ill. 2011).

Because Plaintiff has not identified, and my review of the medical records in evidence did not reveal any medical opinion which the ALJ could have considered, and since the ALJ was not required to accept a mere recitation of reported symptoms or subjective complaints as true, Plaintiff's nebulous argument regarding medical source opinions does not undermine the ALJ's determination.

### G. Conclusion

The ALJ's decision to deny benefits was within the range of discretion allowed by

law, it is supported by substantial evidence and there is simply insufficient evidence to find otherwise. Defendant's Motion for Summary Judgment (Doc. 12) should be granted, that of Plaintiff (Doc. 8) denied and the decision of the Commissioner affirmed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837 (*citing Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. E.D. Mich. LR 72.1(d)(3). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: July 16, 2014  United States Magistrate Judge